UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KELLY PALOMINOS,     07-CV-1879-TC

        Plaintiff,

v.     FINDINGS AND RECOMMENDATION

WAL-MART STORES, INC.

        Defendant.

COFFIN, Magistrate Judge:

This is a diversity case in which plaintiff asserts claims for malicious prosecution, false imprisonment and intentional infliction of emotional distress. Presently before the court is defendant's motion (# 41) for summary judgment.

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Page 1 - FINDINGS AND RECOMMENDATION

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Factual Background

Plaintiff was employed as an assistant manager at the Wal-Mart store in Redmond, Oregon. Eric Beigler was employed by Wal-Mart as an asset protection associate at the Redmond store. In late 2005, Biegler was asked to investigate a series of losses and he came to the determination that the

Page 2 - FINDINGS AND RECOMMENDATION

losses were originating in the cash office.

On January 6, 2006, plaintiff was assigned to work the overnight shift at the Redmond store. She was one of two people on duty that night who had a key to the cash office and knew the safe's combination. Barbara Haring, a cash office associate, was working alone in the cash office. Plaintiff entered the cash office and offered to help Haring count the money. While plaintiff was in the cash office, the cash register bag from register 13 was dropped off. Plaintiff commented that Bag 13 was full of money.

Later that night, at 1:18, plaintiff entered the surveillance room and turned the surveillance cameras off in the cash office and the whole store for approximately four minutes. Such action was not especially unusual as the tapes had to be changed on a regular basis. The cash office was located just a few feet away from the surveillance room.

Terri Hall, a cash office associate, testified in her deposition that she entered the cash office on the morning of January 7th and discovered that the contents of Bag 13 were missing.

Biegler testified in his deposition that he reviewed the surveillance video footage, that it did not reveal anyone other than plaintiff and Haring enter and exit the cash office, that he concluded that neither plaintiff, nor Haring, nor anyone took the contents of Bag 13 while the surveillance cameras were recording, and that he concluded the contents of Bag 13 were taken during the 4 minute period in which plaintiff turned the surveillance cameras off. Beigler suspected that plaintiff committed the theft and reported his suspicions to the District Loss Prevention Supervisor, Stacie Veach.

On January 16th, plaintiff was asked after her shift to go to the manager's office for an interview. Plaintiff was allowed to call her children before the interview started at about 10 AM. The interview with Veach, Biegler and the manager lasted about 30 minutes until approximately 10:30. Plaintiff

Page 3 - FINDINGS AND RECOMMENDATION

denied any wrongdoing. When Veach verbally confronted her with references to the video tape, and falsely claimed the video tape actually captured her taking the money, plaintiff commented it must have been her "twin sister." When plaintiff requested to see the video, Veach refused to allow her to do so.

Veach called the Redmond Police Department. Sergeant Duff arrived at the store about a half hour later at 11 AM. He reviewed video footage, interviewed witnesses, interrogated plaintiff and then arrested her.

Plaintiff testified in her deposition that she was held in the manager's office without being able to leave for approximately 4.5 hours, from approximately 10AM until 2:30 PM. She states she was not allowed to have water or use the restroom during that time despite the fact she requested to do so and was menstruating. She states she was not allowed to call her children until 2PM despite the blizzard-like conditions at the time and that when she did get to leave the office, her clothing was soiled with blood.

Supervising Deputy District Attorney Wells Ashby made the decision to prosecute plaintiff for theft and plaintiff was subsequently indicted by a Deschutes County Grand Jury and tried for theft. Plaintiff was ultimately acquitted of the theft charge by a not guilty finding of 10-2.

## Discussion

Malicious Prosecution Claim

To prevail on her malicious prosecution claim, plaintiff must ultimately prove that:

1) Wal-Mart initiated criminal proceedings against plaintiff;

2) Wal-Mart acted out of a desire to harm plaintiff rather than out of a desire to bring plaintiff to

Page 4 - FINDINGS AND RECOMMENDATION

justice;

3) Wal-Mart acted without probable cause;

4) plaintiff was not guilty of the offense charged;

5) the criminal proceeding ultimately terminated in favor of plaintiff; and

6) plaintiff sustained injury or damage because of prosecution. See Gustafson v. Payless Drug Stores, 269 Or. 354, 365 (1974).

> The Supreme Court of Oregon has noted that:
>
>> Actions for malicious prosecution are not favored by the law because public policy requires that those who have good reason to believe that the law has been violated should be encouraged to bring that information to the attention of law enforcement authorities, to the end that those guilty of crime may be brought to trial and punished. For that reason, limitations have been placed on such actions, including the requirement that the plaintiff must sustain the burden of proof that defendant did not have probable cause to initiate the criminal prosecution.

Lampos v. Bazar, Inc., 270 Or 256, 266, 527 P.2d 376 (1974)(citations omitted).

Probable cause, as defined by Oregon statute, "means there is a substantial objective basis for believing that more likely than not an offense has been committed and the person to be arrested has committed it." ORS 131.005 (11)(emphasis added). "The substance of all definitions of probable cause is a reasonable ground for belief of guilt." Maryland v. Pringle, 540 U.S. 366, 371 (2003).

Plaintiff's claim for malicious prosecution in this action fails as Wal-Mart acted with probable cause. It is undisputed that plaintiff was one of only two people who had keys to the cash office and the combination to the safe on the night of the theft. It is also undisputed that plaintiff turned off the machine taping the cash office for four minutes and that only plaintiff knew when the machine was

Page 5 - FINDINGS AND RECOMMENDATION

turned off. In the circumstances of this case, these facts alone constitute probable cause as they amount to a reasonable ground for the belief of guilt and are a substantial objective basis for believing that more likely than not plaintiff had committed theft. This is especially true in light of the fact plaintiff commented that Bag 13 was full of money when she was in the cash office helping with the cash count prior to the tape machine being turned off.

Plaintiff seems to assert that Wal-Mart made a false video tape and/or deleted exculpatory scenes. However, these vague arguments are not supported by the record and plaintiff's counsel did not adequately raise a genuine issue of material fact with respect to the malicious prosecution claim in his submissions or when specifically asked at oral argument about the video tape allegations. Defendant submitted evidence from Biegler, Veach, Sergeant Duff and Supervising Deputy District Attorney Ashby who all stated that their review of surveillance video footage pointed to plaintiff as the culprit.[1] Plaintiff's argument that the lack of a currently existing decipherable video indicates that someone else may have entered the cash office is mere conjecture unsupported by any evidence. While this argument and plaintiff's vague assertions regarding details of the amount of the cash shortage could affect the outcome of a criminal trial where the State has the burden to prove guilt beyond a reasonable doubt, it does not create a genuine issue of material fact in the particular malicious prosecution claim before this court. The much lower bar of probable cause is at issue in the present case and plaintiff has the burden to show that Wal-Mart acted without it, or that there is a genuine issue of material fact present, and mere nonspecific conjecture does not get her there.

---

[1] This was an inference drawn, in part, from their observations that no one had entered the cash office after Bag 13 was secured while the surveillance camera was recording, and only plaintiff had known when the camera was off and thus when the window of opportunity existed to enter the office take the bag without being caught on tape. As noted, plaintiff was only one of two people on duty that night who had the key to the office and the combination to the safe.

Page 6 - FINDINGS AND RECOMMENDATION

False Imprisonment Claim

Defendant bases its motion for summary judgment on plaintiff's false imprisonment claim on one contention. Defendant contends that the false imprisonment claim fails as a matter of law because probable cause existed for the arrest. However, the only cases cited by defendant Wal-Mart involve the dismissal of false imprisonment claims against defendant police officers who had probable cause to arrest the plaintiffs in those actions. As such, defendant Wal-Mart has not met its burden of showing that it is entitled to judgment as a matter of law and that there are no subsidiary factual issues involved in the determination of this matter as to Wal-Mart. See, e.g., Napier v. Sheridan, 24 Or. App. 761, 765, 547 P.2d 1399 (1976). As plaintiff correctly points out, under Oregon law a merchant's authority to detain a theft suspect requires not only probable cause, but also that the detention be done in a reasonable manner and for a reasonable time. Campbell v. Safeway, Inc., 322 F. Supp. 1367, 1373 (D. Or. 2004). As set forth in more detail in the discussion on plaintiff's intentional infliction of emotional distress claim, plaintiff makes factual assertions regarding the circumstances of her confinement that mandate a jury trial on the issue of whether the conditions surrounding her confinement were unreasonable.

Intentional Infliction of Emotional Distress Claim

Defendant contends that plaintiff has not adequately demonstrated the existence of an intentional infliction of emotional distress (IIED) claim.

To prevail on her IIED claim, plaintiff must ultimately prove that:

1) Wal-Mart intended to inflict severe emotional distress on plaintiff;

2) Wal-Mart's acts, in fact, caused plaintiff to suffer severe mental or emotional distress; and

Page 7 - FINDINGS AND RECOMMENDATION

3) Wal-Mart's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. McGanty v. Staudenraus, 321 Or 532, 543 (1995) (en banc).

There are factual issues on the first two elements. As to the third element, a court considers whether conduct is socially tolerable on a case-by-case basis, considering the totality of the circumstances involved. Buckell v. Nunn, 133 Or. App. 399, 404, 891 P.2d 16 (1995). Plaintiff testified in her deposition that she was held in the manager's office without being able to leave for approximately 4.5 hours, from approximately 10AM until 2:30 PM. She states she was not allowed to have water or use the restroom during that time despite the fact she requested to do so and was menstruating. She states she was not allowed to call her children until 2PM despite the blizzard-like conditions at the time and that when she did get to leave the office, her clothing was soiled with blood. A jury could find these specific factual assertions to be an extraordinary transgression of the bounds of socially tolerable conduct.[2] This is especially true considering plaintiff asserts the actions were taken by her employer and an employer-employee relationship is considered a "special" one that may tip the balance in favor of finding socially intolerable conduct. See Campbell v. Safeway Inc., 332 FSupp. 2d 1367, 1377 (D. Or. 2004).

Defendant also argues that plaintiff's IIED claim is preempted by the Workers' Compensation Act. The applicability of such argument is unclear at this point. Even if the doctrine is generally applicable, specific exceptions may apply. For example, the deliberate intention exception to workers' compensation preemption allows a plaintiff to recover from the employer if she can prove

---

[2] The present case can be distinguished from Asay v. Albertsons, Inc., 2007 WL 1245886 (D. Or. 2007). The plaintiff in Asay was confined for only three hours, not 4.5 hours. More importantly, unlike plaintiff's assertions here, the Asay plaintiff did not ask to use the restroom or ask for water or ask to call her children. She also was not menstruating and her clothing was not soiled.

Page 8 - FINDINGS AND RECOMMENDATION

her injuries were caused by the deliberate intention of her employer.[3] As demonstrated above, there may be factual disputes connected with this exception. Even if there were not manifest factual disputes present, it would be better to proceed to a full trial on the IIED claim because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1990).

## Conclusion

Defendant's motion (#41) for summary judgment should be allowed in part and denied in part. It should be allowed as to the malicious prosecution claim and such claim should be dismissed. The motion should be denied as to the false imprisonment claim and the intentional infliction of emotional distress claim.

DATED this 10T day of May 2010.

THOMAS M. COFFIN
United States Magistrate Judge

---

[3] See, e.g., Palmer v. Bi-Mart Co., Inc., 92 Or. App. 470, 758 P.2d 888, 891(1988).

Page 9 - FINDINGS AND RECOMMENDATION